IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: SUBPOENA TO RAPE ABUSE AND INCEST NATIONAL NETWORK | Civil Action No. 1:24-MC-00073-ACR |

*Underlying Action:*
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Civil Action No. 3:23-MD-03084-CRB |
| This Document Relates to: ALL ACTIONS | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER ENFORCEMENT OF SUBPOENA, OR IN THE ALTERNATIVE, MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

-i-

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND ..................................................................... 1

ARGUMENT ................................................................................................................................... 3

I.  The Court Should Transfer the Motion to Compel to the Northern District of California Under Rule 45(f). .................................................................................................... 3

    A.  Exceptional Circumstances Exist to Support Transfer to the Northern District of California. ................................................................................................ 4

    B.  Transfer Would Not Unduly Burden RAINN. ......................................................... 6

II. The Court Should Compel RAINN to Comply With This Valid Subpoena Requesting Relevant Documents. ................................................................................................ 7

    A.  The PSC Properly Seeks Enforcement of its Valid Subpoena. ............................... 7

    B.  RAINN's Failure to Respond to the Subpoena Waives Any Objections to Compliance. ............................................................................................................. 8

CONCLUSION ................................................................................................................................. 9

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Agincourt Gaming, LLC v. Zynga, Inc.*,
   2014 WL 4079555 (D. Nev. Aug. 15, 2014) ..................................................................6

*In re Denture Cream Prods. Liability Litig.*,
   292 F.R.D. 120 (D.D.C. 2013) ........................................................................................8

*In re Disposable Contact Lens Antitrust Litig.*,
   306 F. Supp. 3d 372 (D.D.C. 2017) ........................................................................ passim

*Google, Inc. v. Dig. Citizens All*,
   2015 WL 4930979 (D.D.C. July 31, 2015) ....................................................................6

*Judicial Watch, Inc. v. Valle Del Sol, Inc.*,
   307 F.R.D. 30 (D.D.C. 2014) ..........................................................................................6

*In re Subpoena to VaughnPerling*,
   2019 WL 8012372 (C.D. Cal. Dec. 2, 2019) ..................................................................7

*In re Uber Techs., Inc., Passenger Sexual Assault Litig.*,
   2023 WL 6456588 (J.P.M.L. Oct. 4, 2023) ..............................................................1, 2

*In re: Uber Techs., Inc. Passenger Sexual Assault Litig.*,
   No. 3:23-md-03084 (N.D. Cal.) .............................................................................. passim

*In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*,
   113 F. Supp. 3d 286 (D.D.C. 2015) ................................................................................5

**Court Rules**

Fed. R. Civ. P. 26(b)(1) ..........................................................................................................8

Fed. R. Civ. P. 45 ......................................................................................................1, 2, 7, 8

Fed. R. Civ. P. 45(a)(1) ..........................................................................................................7

Fed. R. Civ. P. 45(d)(2)(B) .................................................................................................7, 8

Fed. R. Civ. P. 45(f) ......................................................................................................3, 4, 6

Fed. R. Civ. P. 45(g) ..............................................................................................................9

**INTRODUCTION**

This motion arises out of Rape Abuse and Incest National Network's ("RAINN") refusal to respond to a non-party subpoena issued in connection with the multi-district litigation captioned *In re: Uber Techs., Inc. Passenger Sexual Assault Litig.*, No. 3:23-md-03084 (N.D. Cal.) (hereinafter, the "*Uber* MDL"). In the *Uber* MDL, hundreds of women allege they were sexually assaulted by Uber drivers. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2023 WL 6456588, at *1 (J.P.M.L. Oct. 4, 2023). By order of the Judicial Panel on Multidistrict Litigation, the cases were centralized for coordinated pretrial proceedings before Judge Breyer in the Northern District of California. *Id.* Judge Breyer appointed a group of attorneys, the Plaintiffs' Steering Committee ("PSC") to prosecute the litigation on behalf of all Plaintiffs.

On April 16, 2024, the PSC issued a subpoena to RAINN, requesting production of documents concerning RAINN's work with Uber to address sexual violence in its vehicles. RAINN failed to respond to the subpoena, and the PSC now seeks to compel compliance. Because the Northern District of California—the issuing court—has been handling discovery disputes in over 200 cases filed in the *Uber* MDL for nearly a year, exceptional circumstances justify transfer under Federal Rule of Civil Procedure 45. The PSC moves to transfer enforcement of the subpoena to the issuing court, or in the alternative, to compel RAINN to comply with the subpoena in full.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 4, 2023, the Judicial Panel on Multidistrict Litigation centralized cases against Uber Technologies, Inc., regarding sexual assault in Uber vehicles for coordinated pretrial proceedings before Judge Breyer in the Northern District of California. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2023 WL 6456588, at *1 (J.P.M.L. Oct. 4, 2023). The consolidated cases involve claims for negligence, fraud, breach of non-delegable duties, and

strict products liability. *See id.* (describing the "complex factual questions" common to each case). The litigation is also being coordinated with parallel cases pending in California state court. Since the centralization order issued, nearly 300 cases have been coordinated into the *Uber* MDL. Declaration of Samantha Hoefs ("Hoefs Decl.") ¶ 4. New cases are filed almost daily. *Id.*

Under Judge Breyer's direction, the litigation has been progressing quickly. The PSC was appointed on December 6, 2023. The parties appear before Judge Breyer for regular status conferences. The court has issued fifteen pretrial orders, many of which concern discovery. *See, e.g.*, MDL ECF Nos. 65, 175, 323, 345, 348, 370, 396. Resolution of discovery disputes was referred to Magistrate Judge Cisneros. MDL ECF No. 66. The parties routinely appear before her to resolve discovery disputes, and otherwise follow the discovery dispute resolution procedures she ordered.

As part of discovery, the PSC issued Rule 45 subpoenas to several non-parties with information relevant to the claims and defenses at issue in the *Uber* MDL. Hoefs Decl. ¶ 5. At issue here is the subpoena issued to RAINN on April 16, 2024. Hoefs Decl., Ex. A (subpoena). RAINN is a sexual violence advocacy organization that helped Uber develop its sexual violence taxonomy and U.S. Safety Reports, provided training, and otherwise worked with Uber on the company's purported efforts to address sexual violence in Uber rides. The subpoena requested information about this work, which is central to the allegations in the *Uber* MDL. *See* Hoefs Decl., Ex. A at Schedule A. The subpoena was properly served on April 18, 2024, *see* Hoefs Decl., Ex. B (proof of service), and listed May 8, 2024 as the date of compliance. Despite a follow-up letter sent on May 10, RAINN has not responded to the subpoena. Hoefs Decl. ¶ 9.

**ARGUMENT**

Given the complex factual and procedural circumstances in the underlying *Uber* MDL, as well as the fact that the *Uber* MDL court regularly rules on discovery disputes that affect the entire litigation, this Court should transfer enforcement of the RAINN subpoena to the Northern District of California.  In the alternative, the Court should order RAINN to comply with the subpoena.  Because RAINN failed to respond to the subpoena, it has waived any objections to production. (To be clear, it is possible that Uber will move to quash or limit the subpoena—this motion does not seek to resolve those arguments, which will be decided by Judge Cisneros in the MDL.)

I.   **The Court Should Transfer the Motion to Compel to the Northern District of California Under Rule 45(f).**

This Court should exercise its authority under Federal Rule of Civil Procedure 45(f) to transfer the motion to compel "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  While the Rule does not define "exceptional circumstances," the Advisory Committee Notes explain that while transfer should "avoid[] burdens on local nonparties subject to subpoenas," "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f) Advisory Committee's Notes (2013); *accord In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 375 (D.D.C. 2017).

Courts "weighing transfer under Rule 45(f) must carefully balance the 'interest of the nonparty in obtaining local resolution…' against the interest 'in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court.'" *In re Disposable Contact Lens*, 306 F. Supp. 3d at 375 (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)).  Factors that support a finding of exceptional circumstances warranting transfer

include the "complexity of the underlying matter, its procedural posture, the duration of pendency of the underlying case, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Id.* at 376 (cleaned up).  Here, given the complex issues and discovery dispute protocols established in the *Uber* MDL, as well as the lack of burden transfer would impose on RAINN, the Court should find that exceptional circumstances warrant transfer.

      A.      **Exceptional Circumstances Exist to Support Transfer to the Northern District of California.**

In short, "the MDL status of the underlying litigation is surely an 'exceptional circumstance' that weighs strongly in favor of transfer to the Issuing Court under Rule 45(f)." *In re Disposable Contact Lens*, 306 F. Supp. 3d at 378.  This is "because the same concerns about orderliness and disruption that led to the consolidation of actions as an MDL in the first place arise with respect to pretrial disputes regarding subpoenas issued in the context of that complex litigation." *Id.*  Courts routinely grant motions to transfer under Rule 45(f) when the underlying litigation is an MDL.  *See id.* (collecting cases).  By nature, such cases are complex and the court overseeing the MDL takes an active approach to managing discovery issues.  That is, after all, the point of coordinated pretrial proceedings.

Here, as in other cases where Rule 45(f) transfer was found warranted, Judge Breyer and Magistrate Judge Cisneros have managed the *Uber* MDL proceedings, "in a centralized fashion, thereby attempting to avoid duplicative or unnecessary discovery and the risk of piecemeal or inconsistent rulings regarding pretrial matters." *In re Disposable Contact Lens*, 306 F. Supp. 3d at 378 (explaining why transfer to issuing court was warranted in an MDL with 50 cases).  The risk of inconsistent rulings looms especially large in this non-party subpoena dispute, because the PSC has issued thirty such subpoenas across the nation.  Hoefs Decl. ¶ 5; *see* Fed. R. Civ. P. 45(f) Advisory Committee's Notes (2013) (encouraging transfer where "the same issues are

-4-

likely to arise in discovery in many districts"). Asking the courts where compliance is required, rather than the issuing court, to rule on these disputes would defeat the very purpose of the MDL. *See In re Disposable Contact Lens*, 306 F. Supp. 3d at 377-78 (describing why many courts have concluded that the MDL judge has jurisdiction to enforce subpoenas that require compliance in another district).

Transfer is further warranted because the Northern District of California has "already supervised substantial discovery—which is a factor that weighs in favor of transfer." *Id.* at 379 (quotation omitted). Magistrate Judge Cisneros in particular has ruled on numerous discovery disputes, including motions to enforce production of documents. *See, e.g.*, MDL ECF Nos. 66, 190, 220, 233, 264, 273, 321, 327, 329, 344, 353, 354, 366, 371, 511, 523. The *Uber* MDL court has issued "comprehensive case management orders that have defined the scope of permissible discovery" and "set detailed pretrial schedules for discovery [and] dispositive motions." *In re Disposable Contact Lens*, 306 F. Supp. 3d at 379. Judge Cisneros will also rule on any motions to quash that Uber may file with respect to non-party subpoenas. Transferring this matter would therefore "avoid disruption of the carefully planned and time-sensitive discovery rulings that the Issuing Court has already made." *Id.* When the issuing court has already "issued a multitude of orders resolving significant procedural and discovery disputes," transfer is warranted. *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015).

Finally, transfer is warranted because the Northern District of California is "in a better position to rule on the motion due to its familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *In re Disposable Contact Lens*, 306 F. Supp. 3d at 375 (quoting *In re UBS Fin. Servs.*, 113 F. Supp. 3d at 288). The issuing court is better positioned to determine, for instance, "whether the subpoenaed documents are even relevant to the claims that Movants make in the underlying

MDL." *Id.* at 381.  The issuing court can also better resolve any disputes over whether the protective order in the *Uber* MDL is sufficient to mitigate concerns regarding the subpoenaed documents.  *Id.* at 382 (citing *Vision Works of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, 2017 WL 1611915, at *2 (W.D. Tex. Apr. 27, 2017); *Flynn v. FCA US LLC*, 216 F. Supp. 3d 44, 48 (D.D.C. 2016)).  Given the unique posture of the *Uber* MDL, transfer to the issuing court is warranted.

### B. Transfer Would Not Unduly Burden RAINN.

The efficiencies of transfer outweigh any burden to RAINN—if there is any burden at all. Given that the *Uber* MDL court regularly holds virtual hearings, it is "highly unlikely that [RAINN] will have to travel" to California to litigate enforcement of the subpoena.  *See In re Disposable Contact Lens*, 306 F. Supp. 3d at 380.  Indeed, the Advisory Committee specifically encourages judges "to permit telecommunications methods to minimize the burden a transfer imposes on nonparties." Fed. R. Civ. P. 45(f) Advisory Committee's Notes (2013); *see also Google, Inc. v. Dig. Citizens All*, 2015 WL 4930979, at *4 (D.D.C. July 31, 2015).

The only burden on RAINN will be compliance with production requests, if the court were to grant a motion to compel.  But courts routinely hold that such concerns are unrelated to the location of the litigation because the documents are to be produced electronically.  *See In re Disposable Contact Lens*, 306 F. Supp. 3d at 380-81; *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014); *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at *8 (D. Nev. Aug. 15, 2014) ("[The non-party] fails to explain—and the Court fails to discern— why the burden of reviewing, assembling, and producing documents is any different depending on which court issues an order for it to do so.").

Finally, while transferring the motion to compel would not impose additional burdens on RAINN, both parties would be burdened if this Court kept the case.  As the *In re Disposable*

*Contact Lens* court explained, "in order for this Court to be able to address the merits of the motion to enforce the subpoena effectively, the parties might well be required to, *inter alia*, submit supplemental briefing that addresses existing gaps in this Court's understanding of the underlying MDL; and/or negotiate and seek a protective order that permits the filing of unredacted and/or sealed versions of filings already provided to the Issuing Court."  306 F. Supp. 3d at 381.  Given the added burdens of remaining in the District of Columbia, and the strong factors weighing in favor of transfer to the issuing court, this Court should transfer enforcement of the subpoena to the Northern District of California.

## II. The Court Should Compel RAINN to Comply With This Valid Subpoena Requesting Relevant Documents.

The PSC properly issued a subpoena requesting relevant documents to RAINN.  *See* Hoefs Decl. ¶ 6 & Ex. B.  Because RAINN failed to respond to the subpoena, it has waived any objections to the subpoena.  The Court should enforce compliance.

### A. The PSC Properly Seeks Enforcement of its Valid Subpoena.

Because RAINN failed to respond to the subpoena, the PSC can move to compel compliance.  Under Rule 45, at "any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."  Fed. R. Civ. P. 45(d)(2)(B)(i); *see also In re Subpoena to VaughnPerling*, 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019) ("The Court may also grant a motion to compel compliance with a Rule 45 subpoena… where the nonparty has not formally objected but has instead failed to respond.") (citations omitted).  Because RAINN resides in the District of Columbia, *see* Hoefs Decl., Ex. A, compliance is required in this district.  The PSC provided notice to RAINN on May 10 that it intended to compel compliance, Hoefs Decl. ¶ 9, and now brings this motion and its corresponding motion to transfer to the Northern District of California.

The RAINN subpoena is valid under Rule 45(a)(1), which authorizes parties to subpoena a non-party to produce documents in that party's possession, custody, or control. *See* Fed. R. Civ. P. 45 Advisory Committee's Notes (1991) ("Paragraph (a)(1) authorizes the issuance of a subpoena to compel a non-party to produce evidence."). Discovery obtained from non-parties pursuant to Rule 45 has the same scope as any other discovery, so a party can subpoena documents concerning any non-privileged matter relevant to any party's claim or defense. *In re Denture Cream Prods. Liability Litig.*, 292 F.R.D. 120, 123 (D.D.C. 2013) (quoting Fed. R. Civ. P. 45 Advisory Committee's Notes (1946); Fed. R. Civ. P. 26(b)(1)). "For purposes of discovery, relevance is liberally construed." *Id.* (citations omitted).

Here, the PSC issued a subpoena that is plainly relevant to the litigation, concerning RAINN's interactions with Uber that weigh on the claims at issue in the *Uber* MDL. Because the PSC's subpoena is valid and was properly served on RAINN, this Court should enforce the subpoena.

### B. RAINN's Failure to Respond to the Subpoena Waives Any Objections to Compliance.

The Court should also grant the PSC's motion to compel because RAINN waived any objections to compliance when it failed to timely respond to the subpoena. Under Rule 45, RAINN was required to object to the subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). It did not do so, and indeed failed to engage with the PSC at all. Hoefs Decl. ¶ 9.

"The failure to serve written objections to a subpoena within the time frame specified by [Rule 45] typically constitutes a waiver of such objections." *In re Denture Cream*, 292 F.R.D. at 124 (quoting *Alexander v. F.B.I.*, 186 F.R.D. 21, 34 (D.D.C. 1998)). No "unusual circumstances" in which the "failure to act timely will not bar consideration of objections" apply here. *Id.* Such circumstances include (1) when the subpoena is "overbroad on its face and

exceeds the bounds of fair discovery"; (2) the target of the subpoena is "a nonparty acting in good faith"; or (3) counsel have been "in contact concerning… compliance." *Id.*

First, this subpoena is not overbroad "on its face." As described above, the subpoena is relevant to key issues in the *Uber* MDL and is appropriately limited to RAINN's interactions with Uber that may lead to admissible evidence. *See* Hoefs Decl., Ex. A at Schedule A. The final two "unusual circumstances" also cannot apply here because RAINN entirely failed to respond to the PSC's subpoena. Hoefs Decl. ¶ 9. It thus did not act in good faith, nor can it claim that it has been in contact with the PSC to discuss compliance. Indeed, the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). Because RAINN has waived any objections to the subpoena, the Court should order compliance.

## CONCLUSION

For the foregoing reasons, the Court should transfer enforcement of the subpoena to the Northern District of California, or, in the alternative, compel RAINN to comply with the subpoena and produce all requested documents.

Dated: June 19, 2024

Respectfully submitted,

By: */s/ Amanda Fox*
Amanda Fox Perry (DC Bar No. 230024)
**FOX MCKENNA PLLC**
14 Ridge Square NW, Third Floor
Washington, DC 20016
Telephone: (202) 852-2000
Facsimile: (202) 915-0244
amanda@foxmckenna.com

By: */s/ Samantha Hoefs*
Samantha Hoefs (*pro hac vice* forthcoming)
**NIGH GOLDENBERG RASO & VAUGHN, PLLC**
60 South Sixth Street, Suite 2800

                                        Minneapolis, MN 55402
                                        Telephone: (612) 445-0202
                                        shoefs@nighgoldenberg.com

*Plaintiffs' Steering Committee*

-10-