IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: SUBPOENA TO RAPE ABUSE AND INCEST NATIONAL NETWORK<br>Movant: Plaintiffs' Steering Committee<br>      Uber Sexual Assault Litigation<br>      c/o Amanda Fox<br>      14 Ridge Square NW, Third Floor<br>      Washington, DC 20016 | Civil Action No.<br>1:24-MC-00073-ACR |

Underlying Action:
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES INC., PASSENGER SEXUAL ASSAULT LITIGATION | Civil Action No.<br>3:23-MD-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY RAPE, ASSAULT & INCEST NATIONAL NETWORK'S OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER ENFORCEMENT OF SUBPOENA, OR IN THE ALTERNATIVE MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

**INTRODUCTION**

The Rape, Abuse, & Incest National Network ("RAINN") files this opposition to Plaintiffs' Steering Committee's ("Plaintiffs") "Motion to Transfer Enforcement of Subpoena, or in the Alternative, Motion to Compel Compliance with Subpoena" ("Motion") in connection with the multi-district litigation against Uber Technologies, Inc. ("Uber") captioned *In re: Uber Techs., Inc. Passenger Sexual Assault Litig.*, No. 3:23-md-03084 (N.D. Cal.) (the "MDL").

RAINN is the nation's largest anti-sexual violence organization. RAINN created and operates the National Sexual Assault Hotline in partnership with more than 1,000 local sexual assault service providers across the country. RAINN is not a party to the MDL action or the parallel cases pending in California state court. Plaintiffs are harassing RAINN with their premature subpoena and motion before receiving discovery from Uber, the party defendant in Plaintiffs action. RAINN maintains that Plaintiffs should first exhaust all potential routes of obtaining the materials in its April 16, 2024 subpoena (the "Subpoena") through Uber before engaging RAINN. Further, the scope of the materials requested by Plaintiffs are overly broad and would create an undue burden for RAINN were it compelled to make a production. Additionally, while Plaintiffs seek transferring enforcement of the Subpoena to the Northern District of California, such transfer is unnecessary given that exceptional circumstances do not exist in this matter, and a decision by this court disposing of enforcement of the Subpoena would not materially affect the MDL.

RAINN respectfully asks this Court to deny both the motion to transfer enforcement of the Subpoena to the Northern District of California and the alternative motion to compel.

**FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of several cases that were consolidated into the MDL in the U.S. District of the Northern District of California against Uber. On April 16, 2024, Plaintiffs' attorneys

issued the Subpoena pursuant to Fed. R. Civ. P. 45 to non-party RAINN[1] requesting a broad set of documents and communications pertaining to Uber.  The Subpoena was one of thirty non-party subpoenas that were issued by Plaintiffs in the MDL.

The face of the subpoena requested a response by May 8, 2024. RAINN understood that the U.S. District Court for the Northern District of California entered an Order extending the deadline for responses and objections for all third-party subpoenas to May 31, 2024.  Accordingly, RAINN responded to the Subpoena by filing its "Non-Party's Objections to Plaintiffs' Subpoena to Produce Documents" on May 31, 2024.  *See* **Exhibit A**. RAINN transmitted its Objections to Plaintiffs' Subpoena to Plaintiffs' counsel on the same day via email, near contemporaneous to Plaintiffs filing the instant motion. *Id.* After further review of the MDL docket and clarification from Plaintiffs, it became apparent that Plaintiffs represented to the MDL Court that they would provide extensions, but the Court did not enter a blanket order.

Non-party RAINN primarily objected to Plaintiffs' requests on the basis that the requests were overly broad and unduly burdensome. RAINN also objected to Plaintiffs' requests on the basis that the documents and communications sought are more easily obtained from Uber directly. To date, Plaintiffs have failed to demonstrate any attempt to collect any materials from Uber first, before seeking productions from RAINN.

Despite Plaintiffs receiving RAINN's objections on May 31, 2024 (the same day Plaintiffs filed the instant motion), Plaintiffs' counsel did not contact counsel for RAINN until June 17, 2024 regarding Plaintiffs Motion to Compel. On the same day, the Court dismissed Plaintiffs Motion for failure to comply with the Court's Order.  *See*, June 17, 2024 Minute Order. Plaintiffs

---

[1] RAINN had previously been served a subpoena in one of the parallel state court actions which it responded to in February 2024.  The prior subpoena and Plaintiffs instant subpoena contain identical requests.

subsequently refiled their motion on June 19, 2024 and then in turn served RAINN on June 28, 2024. RAINN is now timely filing its Opposition.

## ARGUMENT

**I. Plaintiffs' Subpoena Does Not Rise to the Exceptional Circumstances Threshold to Warrant Transferring the Motion to Compel**

Rule 45 of the Federal Rules of Civil Procedure requires that "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, where a court that requires compliance did not issue the subpoena, a court *may* "transfer a motion under this rule to the issuing court if the person subject to the subpoena consents *or if the court finds exceptional circumstances*." *Id.* at (f) (emphasis added). As RAINN does not consent to the motion to transfer enforcement of the Subpoena to the Northern District for California, the relevant question in this case is whether there are "exceptional circumstances" which merit transferring Plaintiffs' motion to another court for enforcement.

In applying Rule 45(f), the accompanying Advisory Committee notes state that "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments). Where a court elects to transfer a motion to a different court, it is to "avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or same issues are likely to arise in discovery in many districts." This District has elaborated on the definition of exceptional circumstances, holding that instead of assuming that the issuing court is in a superior position to resolve subpoena-related motions, the court must "consider a number of factors relating to the underlying litigation [including] the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30,

34 (D.D.C. 2014).[2]  When this Court has found that transfer is not warranted, it is based on a determination that the issues at stake could be easily ruled upon by this Court without affecting the litigation in the issuing court.  *See Hood v. City of Chicago*, No. 1:19-MC-00123(APM), 2019 WL 5295169, at *3 (D.D.C. Oct. 18, 2019) ("The issues that the parties ask the court to resolve are neither complicated nor so bound up with prior rulings in the underlying case such that it would be imprudent for this court to rule. Those issues include Defendants' compliance with Rule 45's service requirements, the burdensomeness of the sought-after testimony, and whether Defendants have met their burden for overcoming the reporter's privilege."); *see also Fed. Deposit Ins. Corp. v. Galan-Alvarez*, No. 1:15-MC-00752 (CRC), 2015 WL 5602342, at *3 (D.D.C. Sept. 4, 2015) ("[. . .] FDIC's motion to quash presents, at bottom, a legal question severable from the merits of the underlying litigation. Ruling on the motion to quash requires this Court to determine whether a legal doctrine protects high-ranking current and former government officials from testifying. It does not necessitate wading into the merits or intricacies of the FDIC's allegations of negligence by the bank's directors and officers, complex though they may be.").

As discussed in part II *infra*, there are no issues at stake in this specific discovery matter that require adjudication in the Northern District of California.  While there are numerous parties in the MDL, the issue before the Court is a question of the best method to seek materials pursuant to a subpoena—it does not go to the relevance of any materials sought or other questions of admissibility.  Additionally, while Plaintiffs refer to discovery motions practice by the court in the Northern District of California, it does not appear that any of those relate to a motion to compel a nonparty to produce materials pursuant to a subpoena. Rather the MDL Court has dealt with

---

[2] Courts have also cited other factors to include judicial economy and avoiding inconsistent results.  *See In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 375 (D.D.C. 2017).

motions to compel Defendant Uber and motions to quash third-party subpoenas. Plaintiffs' primary issue is a determination of a motion to compel RAINN to produce documentation that would be more easily obtained from Uber itself. Plaintiffs have put the cart before the horse as they have not received documents from Uber prior to filing the Subpoena against RAINN for the same documents.

Were the Court to determine that it could rule on the motion to compel, such a determination would not implicate the substance of the MDL; rather, it would ensure that—as stated in more detail below—the party making a request for materials first seeks those materials from the opposing party before engaging a non-party.

Accordingly, the decision as to whether or not Plaintiffs should first seek to compel documents from Uber can be made in this Court without any material effect on the MDL. RAINN respectfully asks that this Court deny Plaintiffs' Motion to Transfer Compliance with the Subpoena.

> II.   **Compelling Compliance with the Subpoena is Unnecessary Since Plaintiffs Have Yet to Seek Relevant Documents and Communications from Uber**

At the heart of this matter, Plaintiffs seek to obtain numerous documents and communications pertaining to Uber's engagements with RAINN. Despite the fact that all of these materials would be more easily-obtained through Uber—an actual party to the MDL—Plaintiffs have yet to obtain these materials from Uber before seeking them from RAINN.

The power to use subpoenas against non-parties is not unlimited. Many Courts, including the U.S. District Court for the District of Columbia, embrace the convention that a party seeking discovery exhaust other avenues before engaging non-parties in discovery. *See Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 454 (D.D.C. 2002) (citing Fed. R. Civ. P. 26(b)(2)) (denying a request to obtain documents from another party since the documents were, *inter alia*, "obtainable

from another source that is more convenient, less burdensome, and less expensive."); *see also Rossman v. EN Eng'g, LLC*, 467 F. Supp. 3d 586, 590 (N.D. Ill. 2020) (citing Fed. R. Civ. P. 26(b)(2); *Tresona Multimedia, LLC v. Legg*, 2015 WL 4911093, at *3 (N.D. Ill. 2015)) ("A plaintiff does not demonstrate a compelling need to seek duplicative third-party requests simply because a party in the underlying action fails to comply with document requests for the same information.") (internal citation omitted); *see also Bavely, Tr. of AAA Sports, Inc. v. Panini Am., Inc.*, No. 4:22-CV-093, 2023 WL 3686806, at *9 (E.D. Tex. Jan. 27, 2023) (citing *Scrum All. Inc. v. Scrum, Inc.*, No. 4:20-CV-00227, 2020 WL 6559625, at *3 (E.D. Tex. Nov. 9, 2020)) ("As Plaintiff seeks correspondence between Defendants and nonparties, Plaintiff can necessarily obtain that information from Defendants. Instead of burdening nonparties, Plaintiff should obtain the information directly from the source.") (internal citation omitted).

Plaintiffs' requests concern documents and communications that fall squarely within Uber's ambit. Whether or not RAINN may have copies of these documents, it is not an excuse that Plaintiffs have not exhausted all routes of pursuing documents directly from Uber before engaging a non-party such as RAINN. Had Plaintiffs first sought materials from Uber but received confirmation that the materials were not in Uber's possession, this may be a different story. Rather it would appear that Uber has all of the same documents that RAINN may otherwise have and Plaintiffs should obtain productions from Uber before seeking more limited discovery from non-party RAINN, if necessary.

Accordingly, Plaintiffs' request for documents that are more easily obtained from Uber should be denied until such time that Plaintiffs demonstrate they are unable to obtain the documents or materials from Uber because they are not in Uber's possession, custody or control.

### III.     Plaintiffs' Requests are Overly Broad and Unduly Burdensome

Plaintiffs' requests for documents and communications are overly broad in scope and unduly burdensome. This Court should not order RAINN to comply with the subpoena in its current form. To the extent the Court were inclined to order a production, Plaintiffs' requests should be appropriately tailored and narrowed to avoid an undue burden on RAINN.

Under Rule 26, a court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that [*inter alia,*] the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).  Additionally, under Rule 45, "the court for the district where compliance is required must quash or modify a subpoena that [*inter alia,*] subjects a person to undue burden."  Courts have routinely applied these rules as they relate to non-parties; moreover, the fact that an entity is a non-party to a matter is a factor to be weighed in determining the burden to that entity. *See Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 454 (D.D.C. 2002) (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993)) ("Moreover, the discovery is 'unduly burdensome' considering the non-party status of the witnesses"); *see also Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) ("Although Rule 26(b) applies equally to discovery of nonparties, the fact of nonparty status may be considered by the court in weighing the burdens imposed in the circumstances.") (citing *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 738, 3 USPQ2d 1817, 1819 (Fed.Cir.1987) (affirming district court's restriction of discovery where nonparty status "weigh[ed] against disclosure"); *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988) (nonparty status is a significant factor in determining whether discovery is unduly burdensome), aff'd, 870 F.2d 642, 10 USPQ2d 1247 (Fed. Cir. 1989); *Richards of Rockford, Inc.*

*v. Pacific Gas & Electric Co.*, 71 F.R.D. 388, 390 (N.D. Cal. 1976) (deponent's nonparty status considered in deciding motion to compel testimony and production of documents)).

Plaintiffs' requests encompass a wide swath of documents and communications, including, among others, "all communications with Uber and/or Uber's agents, employees, officers, or directors" and "all documents exchanged with Uber and/or Uber's agents, employees, officers, or directors." ECF 1-3 at 11. Plaintiffs further seek drafts of Safety Reports, training materials for Uber, documents relating to work RAINN performed on Uber's behalf or request, etc. *Id.* at 11–12. The scope of the materials requested are either overly broad in terms of subject matter, custodian, or time period, and completing a production of this size—especially considering that RAINN is an entity with no relationship to the current litigation—would prove to be an undue burden.

Accordingly, Plaintiffs' overly broad and unduly burdensome requests for documents should be denied. In the alternative, to the extent the Court is inclined to order RAINN to produce documentation and/or communications, Plaintiffs' requests should be sufficiently narrowed so as not to cause an undue burden on non-party RAINN.

**IV.    RAINN's Response to the Subpoena Does Not Waive Any Objections to Compliance**

Contrary to Plaintiffs' representations, RAINN has not waived any objections to compliance with the Subpoena. RAINN did not fail to respond to the subpoena. Rather, RAINN filed is objections in accordance with its understanding of the MDL Court's rulings. RAINN acted in good faith in filing its objections on May 31, 2024—the same day the instant motion was filed—and in accordance with Plaintiffs agreed upon extensions to other third-parties. This Court should deem RAINN's objections as timely. Further, as noted in the previous section, the subpoena is "overbroad on its face and exceeds the bounds of fair discovery;" which alone is sufficient

"unusual circumstances" to permit consideration of objections. And Plaintiffs counsel made no attempt to reach out to RAINN counsel, despite clearly coordinating with counsel in the state court action who was aware of RAINN's previously filed objections and responses to an identical subpoena. Therefore, Plaintiffs claim that RAINN has waived any objections to compliance falls short. RAINN acted in good faith, filed objections and responses on the same date as other third-parties, and in any event, this Court may deem the objections timely.

## CONCLUSION

For the foregoing reasons, the Court should (1) deny the motion to transfer enforcement of the Subpoena to the Northern District of California and (2) deny the motion to compel RAINN to comply with the Subpoena and produce all requested documents. Alternatively, to the extent the Court were inclined to order RAINN to make a production, the Court should narrow the scope of Plaintiffs' requests.

## REQUEST FOR ORAL ARGUMENT

Pursuant to LCvR 7(f) of the Rules of the United States District Court for the District of Columbia, RAINN respectfully requests an oral hearing on Plaintiffs' Motion to Transfer Enforcement of Subpoena, or in the Alternative, Motion to Compel Compliance with Subpoena.

DATED: July 12, 2024                     MCGUIREWOODS LLP


                                         By: /s/ Samuel M. Adelmann
                                             Samuel M. Adelmann (D.D.C. Bar No. VA067)
                                             Attorneys for Nonparty Rape, Abuse & Incest
                                             National Network (RAINN)

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, a copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification to the following counsel of record:

    Amanda Fox Perry (D.C. Bar No. 230024)
    FOX MCKENNA PLLC
    14 Ridge Square NW, Third Floor
    Washington, D.C. 20016
    E-Mail: amanda@foxmckenna.com

    */s/ Samuel M. Adelmann*
    Samuel M. Adelmann (D.D.C. Bar No. VA067)
    **MCGUIREWOODS LLP**
    1750 Tysons Boulevard, Suite 1800
    Tysons, Virginia 22102
    T: (703) 712 5060
    F: (703) 712 5260
    sadelmann@mcguirewoods.com
    *Counsel for Nonparty Rape, Abuse & Incest*
    *National Network (RAINN)*