# EXHIBIT A

## Sullivan, John L.

| | |
|---|---|
| **From:** | Sulker-Hall, Connie |
| **Sent:** | Friday, May 31, 2024 9:17 PM |
| **To:** | shoefs@nighgoldenberg.com |
| **Cc:** | Hider, Alexandra L.; Adelmann, Samuel M. |
| **Subject:** | E-Served - In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation - Case No. 3:23-md-03084-CRB |
| **Attachments:** | Non-Party's Objections to Plaintiffs' Subpoena to Produce Documents.pdf |

Dear Counsel,

Please see attached Non-Party's Objections to Plaintiffs' Subpoena to Produce Documents for your file.

Best,

**Connie Sulker-Hall**
Practice Assistant
McGuireWoods LLP
Wells Fargo Center
South Tower
355 S. Grand Ave., Suite 4200
Los Angeles, CA 90071-3103
T:  +1 213 457 9847
F:  +1 213 627 2579
csulkerhall@mcguirewoods.com
VCard | www.mcguirewoods.com



*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

1  MCGUIREWOODS LLP
   ALEXANDRA L. HIDER (SBN 340660)
2  SAMUEL ADELMANN (*pro hac forthcoming*)
   Wells Fargo Center
3  South Tower
   355 S. Grand Ave., Suite 4200
4  Los Angeles, CA  90071-3103
   Telephone:  213.627.2268
5  Facsimile:  213.627.2579
   ahider@mcguirewoods.com
6  sadelmann@mcguirewoods.com

7  Attorneys for Nonparty Rape, Abuse & Incest National Network

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation | Case No. 3:23-md-03084-CRB<br><br>**NON-PARTY'S OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS** |
|---|---|

Nonparty Rape, Abuse & Incest National Network ("RAINN") hereby responds and objects to the Subpoena to Produce Documents, Information, or Objects ("Subpoena") served by Plaintiffs and dated April 16, 2024, as follows.

**GENERAL STATEMENT AND OBJECTIONS**

1. The Subpoena dated April 16, 2024 on its face requested a response by May 8, 2024. This Court, by stipulation of the parties, entered an Order extending the deadline for responses and objections for all third-party subpoenas to May 31, 2024.

2. All of the responses contained herein are based only on the information that is presently available to and specifically known to RAINN. The following responses are given without prejudice to RAINN's right to further object upon the discovery of additional facts.

3. In addition to any specific objections that may be made in the separate responses set forth below, RAINN objects generally to each Request for Production of Documents ("Request") in the Subpoena to the extent it seeks information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or any other applicable privilege. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection or doctrine.

4. RAINN further objects generally to each Request to the extent that it purports to impose obligations upon RAINN exceeding those authorized by the Federal Rules of Civil Procedure and any other applicable statute or rule.

5. RAINN objects to each Request to the extent that it is unduly burdensome, oppressive and harassing, including for the reason that the records are not reasonably accessible. *See* Fed. R. of Civ. Proc. 26(b)(2)(B).

6. RAINN objects to each Request to the extent that it is overbroad, vague and/or ambiguous, and/or does not identify what is requested either by specifically describing that

individual item or by reasonably particularizing each category of item. *See* Fed. R. of Civ. Proc. 34(b).

7. RAINN objects to the Subpoena to the extent that it seeks confidential, proprietary, trade secret and/or competitively sensitive material or information, or information otherwise protected pursuant to applicable privacy laws.

8. RAINN objects to the Subpoena on the ground that Plaintiffs have failed to demonstrate that they have exhausted alternate methods of obtaining the information they seek, including procuring such documents directly from the defendant in this case Uber Technologies, Inc. ("Uber") itself.

9. RAINN objects to the Subpoena as unduly burdensome due to the unreasonable expense and cost required of RAINN, a non-party, not located in California, to collect, review, and produce documents that are more easily obtainable and readily available from other sources.

10. The General Statement and Objections shall be deemed to be incorporated in full into each response separately set forth below.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all communications with Uber and/or Uber's agents, employees, officers, or directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

RAINN objects to this Request on the ground that it is overly broad and unduly burdensome, and fails to describe the information sought with reasonable particularity. The Request does not ask for any specific communications, but rather seeks "all communications" without even attempting to limit the responsive documents to individuals, parties, claims or defenses at issue in this case. As

written, this Request would require RAINN to exhaustively search for, identify, and produce every communication by any person for an unlimited timeframe, regardless of its relevance to this case.

RAINN further objects to this Request on the ground that such communications are more easily obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to procure the same communications that Uber already maintains in its possession, custody, or control.

RAINN further objects to this Request on the grounds that it seeks information that is confidential, proprietary, and may be protected by privacy laws.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents exchanged with Uber and/or Uber's agents, employees, officers, or directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

RAINN objects to this Request on the ground that it is overly broad and unduly burdensome, and fails to describe the information sought with reasonable particularity. The Request does not ask for any specific documents exchanged, but rather seeks "all documents exchanged" without even attempting to limit the responsive documents to individuals, parties, claims or defenses at issue in this case. The Request also fails to limit documents relevant or related to the instant pending action. As written, this Request would require RAINN to exhaustively search for, identify, and produce every document by any person for an unlimited timeframe, regardless of its relevance to the case.

RAINN further objects to this Request on the ground that such documents are more easily obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to procure the same documents that Uber already maintains in its possession, custody, or control.

RAINN further objects to this Request on the grounds that it seeks information that is confidential, proprietary, and may be protected by privacy laws.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all communications with any current or former member of Uber's U.S. Safety Advisory Board.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

RAINN objects to this Request on the ground that it is overly broad and unduly burdensome, and fails to describe the information sought with reasonable particularity. The Request does not ask for any specific communications, but rather seeks "all communications with any current or former member of Uber's U.S. Safety Advisory Board" without even attempting to limit the responsive documents to claims or defenses at issue in this case. The Request also fails to limit communications relevant to this pending action. As written, this Request would require RAINN to exhaustively search for, identify, and produce every communication by any current or former member of Uber's U.S. Safety Advisory Board for an unlimited timeframe, regardless of its relevance to the case.

RAINN further objects to this Request on the ground that such communications are more easily obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to procure the same communications that Uber already maintains in its possession, custody, or control.

RAINN further objects to this Request on the grounds that it seeks information that is confidential, proprietary, and may be protected by privacy laws.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents exchanged with any current or former member of Uber's U.S. Safety Advisory Board.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

RAINN objects to this Request on the ground that it is overly broad and unduly burdensome, and fails to describe the information sought with reasonable particularity. The Request does not ask

for any specific documents exchanged, but rather seeks "all documents exchanged with any current or former member of Uber's U.S. Safety Advisory Board" without even attempting to limit the responsive documents to claims or defenses at issue in this case. The Request also fails to limit documents relevant to the instant pending action. As written, this Request would require RAINN to exhaustively search for, identify, and produce every document exchanged with any current or former member of Uber's U.S. Safety Advisory Board for an unlimited timeframe, regardless of its relevance to the case.

RAINN further objects to this Request on the ground that such documents are more easily obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to procure the same documents that Uber already maintains in its possession, custody, or control.

RAINN further objects to this Request on the grounds that it seeks information that is confidential, proprietary, and may be protected by privacy laws.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents reflecting payments or contributions made by Uber to RAINN including, but not limited to, any invoices, letters, cancelled checks, or accounting ledgers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

RAINN objects to this Request on the ground that it is overly broad and unduly burdensome, and fails to describe the information sought with reasonable particularity. The Request does not ask for any specific documents, but rather seeks "all documents reflecting payments or contributions made by Uber to RAINN" without even attempting to limit the responsive documents to claims or defenses at issue in this case. The Request also fails to limit documents relevant to the instant pending action. As written, this Request would require RAINN to exhaustively search for, identify, and produce every relevant document for an unlimited timeframe, regardless of its relevance to the case.

RAINN further objects to this Request on the ground that such documents are more easily obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to procure the same or substantially similar documents that Uber already maintains in its possession, custody, or control.

RAINN further objects to this Request on the grounds that it seeks information that is confidential, proprietary, and may be protected by privacy laws.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents, including all drafts, of Uber's First U.S. Safety Report covering the years 2017 and 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

To the extent RAINN has any responsive documents in its possession, custody, or control, RAINN objects to this Request on the ground that it seeks confidential, proprietary, trade secret and/or competitively sensitive material, as Uber's First U.S. Safety Report and associated drafts would be confidential, proprietary, trade secret, competitively sensitive and/or may be protected by privacy laws.

RAINN further objects to this Request on the ground that such documents are more easily obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to procure the same documents that Uber already maintains in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all documents, including all drafts, of Uber's Second U.S. Safety Report covering the years 2019 and 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

To the extent RAINN has any responsive documents in its possession, custody, or control, RAINN objects to this Request on the ground that it seeks confidential, proprietary, trade secret

and/or competitively sensitive material, as Uber's Second U.S. Safety Report and associated drafts would be confidential, proprietary, trade secrets, competitively sensitive and/or may be protected by privacy laws.

RAINN further objects to this Request on the ground that such documents are more easily obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to procure the same documents that Uber already maintains in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents, including all drafts, of Uber's Third U.S. Safety Report covering the years 2021 and 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

To the extent RAINN has any responsive documents in its possession, custody, or control, RAINN objects to this Request on the ground that it seeks confidential, proprietary, trade secret and/or competitively sensitive material, as Uber's Third U.S. Safety Report and associated drafts would be confidential, proprietary, trade secrets, competitively sensitive and/or may be protected by privacy laws.

RAINN further objects to this Request on the ground that such documents are more easily obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to procure the same documents that Uber already maintains in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all communications with Uber and/or Uber's agents, employees, officers, or directors relating to Uber's First, Second, or Third U.S. Safety Report.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

To the extent RAINN has any responsive communications in its possession, custody, or control, RAINN objects to this Request on the ground that it is overly broad and unduly burdensome,

and fails to describe the information sought with reasonable particularity. The Request does not ask for any specific communications, but rather seeks "all communications with Uber and/or Uber's agents, employees, officers, or directors" without even attempting to limit the responsive documents to claims or defenses at issue in this case. The Request also fails to limit communications relevant to this pending action. As written, this Request would require RAINN to exhaustively search for, identify, and produce every communication with Uber or any current or former Uber agent, employee, officer, or director over an indeterminate timeframe, regardless of its relevance to the case.

RAINN further objects to this Request on the ground that it seeks confidential, proprietary, trade secret and/or competitively sensitive material, as RAINN's communications with Uber and/or Uber's agents, employees, officers, or directors relating to Uber's First, Second, and Third U.S. Safety Reports would be confidential, proprietary, trade secret, competitively sensitive and/or may be protected by privacy laws.

RAINN further objects to this Request on the ground that such communications are more easily obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to procure the same communications that Uber already maintains in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all training materials provided to Uber on issues relating to sexual assault, sexual misconduct, or the Sexual Misconduct and Violence Taxonomy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

RAINN objects to this Request on the ground that it seeks confidential, proprietary, trade secret and/or competitively sensitive material, as training materials provided to Uber relating to sexual assault, sexual misconduct, or the Sexual Misconduct and Violence Taxonomy are

confidential, proprietary, trade secret, competitively sensitive and/or may be protected by privacy laws.

RAINN further objects to this Request on the ground that such training materials are more easily obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to procure the same training materials that Uber already maintains in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all documents reflecting Uber's classification of reports of alleged sexual assault or sexual misconduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

RAINN objects to this Request on the ground that it is overly broad and unduly burdensome, and fails to describe the information sought with reasonable particularity. The Request does not ask for any specific documents, but rather seeks "all documents reflecting Uber's classification of reports" without even attempting to limit the responsive documents to claims or defenses at issue in this case. The Request also fails to limit documents relevant to this pending action. As written, this Request would require RAINN to exhaustively search for, identify, and produce every communication with Uber or any current or former Uber agent, employee, officer, or director over an unlimited timeframe, regardless of its relevance to the case.

RAINN objects to this Request on the ground that it seeks confidential, proprietary, trade secret and/or competitively sensitive material, as Uber's classification of reports of alleged sexual assault or sexual misconduct are confidential, proprietary, trade secret, competitively sensitive and/or may be protected by privacy laws.

RAINN further objects to this Request on the grounds that it is not the proper party to respond to such request and any such documents are more easily obtainable from Uber; Plaintiffs'

Request places an unnecessary burden on non-party RAINN to procure the same documents that Uber already maintains in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents reflecting Uber's analysis of reports of alleged sexual assault or sexual misconduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

RAINN objects to this Request on the ground that it is overly broad and unduly burdensome, and fails to describe the information sought with reasonable particularity. The Request does not ask for any specific documents, but rather seeks "all documents reflecting Uber's analysis of reports" without even attempting to limit the responsive documents to claims or defenses at issue in this case. The Request also fails to limit documents relevant to this pending action. As written, this Request would require RAINN to exhaustively search for, identify, and produce every communication with Uber or any current or former Uber agent, employee, officer, or director over an unlimited timeframe, regardless of its relevance to the case.

RAINN objects to this Request on the ground that it seeks confidential, proprietary, trade secret and/or competitively sensitive material, as Uber's analysis of reports of alleged sexual assault or sexual misconduct (to the extent non-party RAINN has any information regarding "Uber's analysis") are confidential, proprietary, trade secret, competitively sensitive and/or may be protected by privacy laws.

RAINN further objects to this Request on the grounds that it is not the proper party to respond to such request and any such documents are more easily obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to procure the same documents that Uber already maintains in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all documents relating to work RAINN has performed on Uber's behalf or at Uber's request relating to sexual assault, sexual misconduct, the Sexual Misconduct and Violence Taxonomy, passenger safety, driver education, training for Uber employees, or how Uber responds to reports of sexual assault or sexual misconduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

RAINN objects to this Request on the ground that it is overly broad and unduly burdensome, and fails to describe the information sought with reasonable particularity. The Request does not ask for any specific documents exchanged, but rather seeks "all documents relating to work RAINN has performed on Uber's behalf or at Uber's request" without limiting the responsive documents to claims or defenses at issue in this case. The Request also fails to limit documents relevant to this pending action. As written, this Request would require RAINN to exhaustively search for, identify, and produce every document for an unlimited timeframe, regardless of its relevance to the case.

RAINN further objects to this Request on the ground that it seeks confidential, proprietary, trade secret and/or competitively sensitive material, as responsive documents are confidential, proprietary, trade secret, competitively sensitive and/or may be protected by privacy laws. RAINN further objects to this Request on the ground that such documents are more easily obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to procure the same documents that Uber already maintains in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all documents reflecting the scope of work RAINN was retained to do for Uber, including but not limited to contracts, agreements, and statements of work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

RAINN objects to this Request on the ground that it seeks confidential, proprietary, trade secret and/or competitively sensitive material, as documents reflecting the scope of work RAINN

was retained to do for Uber are confidential, proprietary, trade secret, competitively sensitive and/or may be protected by privacy laws.

RAINN further objects to this Request on the ground that such documents are more easily obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to procure the same documents that Uber already maintains in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all documents related to recommendations from RAINN to Uber regarding how Uber rides can be made safer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

RAINN objects to this Request on the ground that it is overly broad and unduly burdensome, and fails to describe the information sought with reasonable particularity. The Request does not ask for any specific documents exchanged, but rather seeks "all documents related to recommendations from RAINN to Uber" without even attempting to limit the responsive documents to claims or defenses at issue in this case. The Request also fails to limit documents relevant to this pending action. As written, this Request would require RAINN to exhaustively search for, identify, and produce every document for an unlimited timeframe, regardless of its relevance to the case.

RAINN objects to this Request on the ground that it seeks confidential, proprietary, trade secret and/or competitively sensitive material, as documents related to recommendations from RAINN to Uber regarding how Uber rides can be made safer are confidential, proprietary, trade secret, competitively sensitive and/or may be protected by privacy laws.

///

///

///

///

1  RAINN further objects to this Request on the ground that such documents are more easily
2  obtainable from Uber; Plaintiffs' Request places an unnecessary burden on non-party RAINN to
3  procure the same documents that Uber already maintains in its possession, custody, or control.
4
5
6  DATED: May 31, 2024                    MCGUIREWOODS LLP
7
8                                         By: _____
9                                              Alexandra L. Hider
                                                Samuel Adelmann (*pro hac forthcoming*)
10                                              Attorneys for Nonparty Rape, Abuse & Incest
                                                National Network (RAINN)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is McGuireWoods LLP, Wells Fargo Center, South Tower, 355 S. Grand Ave., Suite 4200, Los Angeles, CA 90071-3103.

On May 31, 2024, I served the following document(s) described as **NON-PARTY'S OBJECTIONS TO PLAINTIFFS' DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Samantha Hoefs, Esq.
60 South 6th Street, Suite 2800
Minneapolis, MN 55402
(612) 445-0202
E-mail: shoefs@nighgoldenberg.com
*Attorney for Plaintiff*

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☒ **BY E-MAIL:** By electronic mail transmission pursuant to an agreement between parties, from csulkerhall@mcguirewoods.com, by transmitting a PDF format copy of such document(s) to the email address listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 31, 2024, at Pasadena, CA.

*Connie Sulker-Hall*
Connie Sulker-Hall